UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**CHRISTOPHER WILLIAM LYONS**          **CIVIL ACTION NO. 15-2757-P**

**VERSUS**                                              **CHIEF JUDGE HICKS**

**BOSSIER MEDIUM**                          **MAGISTRATE JUDGE HORNSBY**

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Christopher William Lyons ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on November 25, 2015. Plaintiff is currently incarcerated at the LaSalle Correctional Center, but claims his civil rights were violated while incarcerated at the Bossier Medium Facility in Plain Dealing, Louisiana. He names Bossier Medium as defendant.

Plaintiff claims that while incarcerated at the Bossier Medium Facility from October 20, 2015 to October 29, 2015, he suffered pain because the bathroom cleaner contained bleach. He claims that when urine mixed with the bleach cleaner, a deadly gas was created. He claims the door was never opened so the bathroom did not air out. He claims people in the bathroom became sick and coughed.

Plaintiff claims he fell while walking around the tables on the outside of the showers. He claims the floor was wet because the showers had just been cleaned. He claims the workers did not dry the floor after cleaning it. He claims he has a rod with 20 pins and 2 screws attached to his spine and the fall caused him pain. He claims the Warden did nothing for his pain. Plaintiff claims he was then transferred to LaSalle Correctional Center and his x-rays were sold.

Accordingly, Plaintiff seeks monetary compensation.

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

### DEFENDANT

Plaintiff names Bossier Medium as defendant. The defendant Bossier Medium is not is not a proper defendant. Pursuant to 42 U.S.C. § 1983, only a "person" may be sued for the violation of an inmate's constitutional rights. The Bossier Medium is not a person within the meaning of this statute. See, e.g., Castillo v. Blanco, 2007 WL 2264285, (E.D. La., Aug. 1, 2007) (finding that a state prison is not a person within the meaning of this statute). See also Glenn v. Louisiana, 2009 WL 382680, (E.D. La., Feb. 11, 2009) (noting that "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983").

Accordingly, Plaintiff fails to state a claim upon which relief may be granted relative to the Bossier Medium.

### CONDITIONS OF CONFINEMENT

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person

acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)). Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979. However, mere neglect and/or negligence do not constitute deliberate indifference. See Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1997).

Furthermore, this court should consider the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement. Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding that the defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.

**Bleach Cleaner**

Plaintiff complains that the bathroom cleaner contains bleach and when mixed with urine it creates a deadly gas which causes inmates to become sick and cough. "The conditions described by plaintiff, while plainly nor comfortable or pleasant, do not rise to a level of seriousness to be considered a constitutional violation." Green v. Gusman, 15-1738, 2016WL3033541, (E.D. La.May 6, 2016). The federal courts have long recognized that serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences." Id. (citing Holloway v. Gunnell, 685 F.2d 150, 156 (5th Cir. 1982)). The courts have repeatedly held "that the Constitution does not mandate prisons with comfortable surroundings or commodious conditions." Id. Furthermore, Plaintiff was only exposed to these conditions for nine days at most. Thus, Plaintiff's claim has failed to satisfy the first component of an Eighth Amendment claim.

**Slippery Floors**

Plaintiff claims he slipped and fell on the wet floor near the showers. The court finds that water on the floor does not create a substantial risk of serious harm. See Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995). Thus, Plaintiff's claim has failed to satisfy the first component of an Eighth Amendment claim.

Accordingly, Plaintiff's claim regarding the conditions of his confinement should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 22nd day of March, 2018.

Mark L. Hornsby
U.S. Magistrate Judge